UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH M. YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCEDES-BENZ USA, LLC.<br><br>　　　　Defendant. | Case No. 1:22-cv-00854-JLT-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Docs. 16-17) |

　　　　On July 11, 2022, Plaintiff initiated this action against Defendant. (Doc. 1). On March 29, 2023, the parties filed a notice of settlement. (Doc. 15). That same day, the Court issued an order directing the parties to file dispositional documents no later than April 19, 2023, pursuant to Local Rule 160(b). The parties failed to meet the Court's deadline or make any filing seeking an extension of the time set by the Court to file dispositional documents.

　　　　On April 21, 2023, the Court issued an order to show cause in writing why sanctions, including monetary sanctions or dismissal, should not be imposed for Plaintiff's failure to timely file dispositional documents pursuant to Local Rule 160(b). (Doc. 17). Plaintiff was provided a three-day deadline. *Id*. That deadline has passed, and Plaintiff has filed no dispositional documents nor made any request for an extension of the deadline.

　　　　The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to

secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

Here, Plaintiff has repeatedly failed to comply with the Court's orders. *See* (Docs. 16-17). Given the express statement that sanctions would be imposed, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. Therefore, a daily sanction shall be imposed to compel Plaintiff to comply. A $100.00 sanction shall be imposed on

Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until dispositional documents are filed or Plaintiff makes a filing responsive to the Court's April 21, 2023, order to show cause. Plaintiff's filing of dispositional documents on the date of this order will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 pm.

Based on the foregoing, IT IS HEREBY ORDERED, Plaintiff shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until dispositional documents are filed or a written response to the Court's April 21, 2023 order is provided.

IT IS SO ORDERED.

Dated:   **April 27, 2023**                              _____
                                                         UNITED STATES MAGISTRATE JUDGE