UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH M. YOUNG,<br><br>   Plaintiff,<br><br>   v.<br><br>MERCEDES-BENZ USA, LLC.<br><br>   Defendant. | Case No. 1:22-cv-00854-JLT-CDB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Docs. 17-18) |

On July 11, 2022, Plaintiff initiated this action against Defendant. (Doc. 1). On March 29, 2023, the parties filed a notice of settlement. (Doc. 15). That same day, the Court issued an order directing the parties to file dispositional documents no later than April 19, 2023, pursuant to Local Rule 160(b). The parties failed to meet the Court's deadline or make any filing seeking an extension of the time set by the Court to file dispositional documents.

On April 21, 2023, the Court ordered Plaintiff to show cause in writing why sanctions, including monetary sanctions or dismissal, should not be imposed for Plaintiff's failure to timely file dispositional documents pursuant to Local Rule 160(b). (Doc. 17). Plaintiff was provided a three-day deadline (*e.g.*, by April 24, 2023). *Id*. That deadline passed without Plaintiff filing dispositional documents or any request for an extension of the deadline.

On April 27, 2023, the Court issued an order requiring Plaintiff to pay sanctions of $100 per day until dispositional documents are filed or a written response to the Court's April 21, 2023

1

order is provided. (Doc. 18). The Court found a daily sanction should be imposed to compel Plaintiff to comply with is earlier orders. *Id*. That same day, Plaintiff filed a notice of acceptance with offer of judgment and declaration in response to the Court's order to show cause. (Docs. 19-20). The next day, counsel for Plaintiff requested a status conference with the Court. On May 1, 2023, the Court convened a status conference concerning the Court's order to show cause (Doc. 17) and order for sanctions (Doc. 18) and counsel for the parties set forth their positions.

Although counsel for Plaintiff has articulated reasons why deadlines were missed, the Court finds Plaintiff's failure to timely file dispositional documents, to timely respond to the Court's order to show cause, and to timely request an extension of either deadline does not qualify as excusable neglect. *See generally, In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). The Court appreciates that Plaintiff recognizes the importance of abiding by the Court's orders as evidenced by his prompt response to the Court's order for sanctions and candid representations to the Court during the status conference. The Court shall discharge the order to show cause and discharge further sanctions and shall impose a $100 sanction based on the Court's order. *See* (Doc. 18 p. 3) ("Plaintiff's filing of dispositional documents on the date of this order will not relieve Plaintiff of the sanction imposed commencing on this date.").

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The April 21, 2023, Order to Show Cause (Doc. 17) is DISCHARGED;
2. Plaintiff shall pay the Clerk of the Court $100.00 in sanctions within 14 days of entry of this order. The Court's April 27, 2023, sanction order (Doc. 18) is DISCHARGED in all other respects; and
3. The parties shall file dispositional documents to close this case by May 22, 2023.

IT IS SO ORDERED.

Dated: **May 1, 2023**

UNITED STATES MAGISTRATE JUDGE